THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No.: 5:04-CVS-969-H

| | |
|---|---|
| INSURANCE CORPORATION OF HANNOVER, as Subrogee of Andrea Pandolfo and Rodney Pandolfo,<br>Plaintiffs,<br><br>v.<br><br>WILLIAM RYAN, MARY JO RYAN, DANIEL RYAN, MITCHELL STOKES, JANE STOKES, KYLE STOKES, JAMES L. McCORMICK, PAMELA McCORMICK, MARY McCORMICK, MOLLY McCORMICK, JAMES M. McGANN, MARY ANNE McGANN, MELISSA McGANN, ALVIN WHITE, LINDA WHITE, BRETT WHITE, JAMES R. WHITED, JANET WHITED, STANLEY WOJCIECHOWISKI, EILEEN WOJCIECHOWISKI, AMY WOJCIECHOWISKI, THEODORE WEILAND, WANDA WEILAND, KELLY WEILAND, DAVID FORTUNE, NEENA FORTUNE, LINDSAY FORTUNE, THOMAS BYRNES, MEAVE BYRNES, BRENDAN BYRNES, EDWARD LALLY, DIANE LALLY, CAITLIN LALLY, SCOTT WILSON, STEPHANIE WILSON, JESSICA CURTIS and JESSIAC CURTIS,<br>Defendants. | **ANSWER and CROSS CLAIMS OF DEFENDANTS ALVIN WHITE, LINDA WHITE and BRETT WHITE** |

NOW COME Defendants, Alvin White, Linda White and Brett White, through counsel, responding to the individually numbered paragraphs of the Complaint, Defendants allege and say as follows:

### FIRST DEFENSE - ANSWER

1.      Admitted, upon information and belief.

2. Admitted, upon information and belief.

3. Admitted, upon information and belief.

4. Admitted, upon information and belief.

5. Admitted, upon information and belief.

6. Admitted.

7. Admitted, upon information and belief.

8. Admitted, upon information and belief.

9. Admitted, upon information and belief.

10. Admitted, upon information and belief.

11. Admitted, upon information and belief.

12. Admitted, upon information and belief.

13. Admitted, upon information and belief.

14. These defendants lack the information necessary to form a belief regarding the truthfulness of the allegations stated in paragraph 14 of the Complaint, and therefore those are denied.

15. These defendants lack the information necessary to form a belief regarding the truthfulness of the allegations stated in paragraph 15 of the Complaint, as they relate to Defendant Mary Jo Ryan, and therefore the allegations contained in paragraph 15 of the Complaint are denied.

16. These defendants lack the information necessary to form a belief regarding the truthfulness of the allegations stated in paragraph 16 of the Complaint, as they relate to Defendants Mary Jo Ryan and Daniel Ryan, and therefore the allegations contained in paragraph 16 of the Complaint are denied.

17. It is admitted that Defendant Brett White was at the 11821 Six Forks Road, Raleigh, North Carolina 27614 on the date alleged in the Complaint. Except as specifically admitted, all remaining allegations contained in paragraph 17 of the Complaint that relate to these answering defendants are specifically denied. These defendants lack the information necessary to form a belief regarding the truthfulness of the allegations stated in paragraph 17 of the Complaint as they relate to the remaining defendants, and therefore those are denied.

18. These defendants lack the information necessary to form a belief regarding the truthfulness of the allegations stated in paragraph 18 of the Complaint, and therefore those are denied.

19. All allegations contained in paragraph 19 of the Complaint that relate to these answering defendants are specifically denied. These defendants lack the information necessary to form a belief regarding the truthfulness of the remaining allegations stated in paragraph 19 of the Complaint, and therefore those are denied.

20. Defendants reassert the answers to the Complaint contained in paragraphs 1 through 19 herein and incorporates the same as if fully set out herein.

21. It is admitted that Defendant Brett White was at 11821 Six Forks Road, Raleigh, North Carolina 27614 on the date alleged in the Complaint. All remaining allegations contained in paragraph 21 of the Complaint that relate to these answering defendants are specifically denied. These defendants lack the information necessary to form a belief regarding the truthfulness of the remaining allegations stated in paragraph 21 of the Complaint as they relate to the remaining defendants, and therefore those are denied.

22. All allegations contained in paragraph 22 of the Complaint that relate to these answering defendants are specifically denied. These defendants lack the information necessary to form a belief regarding the truthfulness of the remaining allegations stated in paragraph 22 of the Complaint as they relate to the remaining defendants, and therefore those are denied.

23. Defendants reassert the answers to the Complaint contained in paragraphs 1 through 22 herein and incorporates the same as if fully set out herein.

24. All allegations contained in paragraph 24 of the Complaint that relate to these answering defendants are specifically denied. These defendants lack the information necessary to form a belief regarding the truthfulness of the remaining allegations stated in paragraph 24 of the Complaint as they relate to the remaining defendants, and therefore those are denied.

25. All allegations contained in paragraph 19 of the Complaint that relate to these answering defendants are specifically denied. These defendants lack the information necessary to form a belief regarding the truthfulness of the remaining allegations stated in paragraph 25 of the Complaint, and therefore those are denied.

26. Defendants reassert the answers to the Complaint contained in paragraphs 1 through 25 herein and incorporates the same as if fully set out herein.

27. It is admitted that Defendant Brett White was at 11821 Six Forks Road, Raleigh, North Carolina 27614 on the date alleged in the Complaint, except as admitted, denied. All remaining allegations contained in paragraph 27 of the Complaint that relate to these answering defendants are specifically denied. These defendants lack the information necessary to form a belief regarding the truthfulness of the allegations stated

in paragraph 27 of the Complaint as they relate to the remaining defendants, and therefore those are denied.

28. All allegations contained in paragraph 28 of the Complaint that relate to these answering defendants are specifically denied. These defendants lack the information necessary to form a belief regarding the truthfulness of the allegations stated in paragraph 25 of the Complaint as they relate to the remaining defendants, and therefore those are denied.

29. Defendants reassert the answers to the Complaint contained in paragraphs 1 through 28 herein and incorporates the same as if fully set out herein.

30. It is denied that Defendant Brett White was a minor child on November 17, 2001. These defendants lack the information necessary to form a belief regarding the truthfulness of the remaining allegations stated in paragraph 30, and therefore those are denied.

31. Paragraph 31 of the Complaint states a conclusion of law rather than an allegation of fact and therefore no response is required of these answering defendants. Insofar as a response is required, denied.

32. All allegations contained in paragraph 32 of the Complaint that relate to these answering defendants are specifically denied. These defendants lack the information necessary to form a belief regarding the truthfulness of the allegations stated in paragraph 32 of the Complaint as they relate to the remaining defendants, and therefore those are denied.

33. Defendants reassert the answers to the Complaint contained in paragraphs 1 through 32 herein and incorporate the same as if fully set out herein.

34. All allegations contained in paragraph 34 of the Complaint that relate to these answering defendants are specifically denied. These defendants lack the information necessary to form a belief regarding the truthfulness of the remaining allegations stated in paragraph 34 of the Complaint as they relate to the remaining defendants, and therefore those are denied.

35. All allegations contained in paragraph 35 of the Complaint that relate to these answering defendants are specifically denied. These defendants lack the information necessary to form a belief regarding the truthfulness of the remaining allegations stated in paragraph 35 of the Complaint as they relate to the remaining defendants, and therefore those are denied.

EACH AND EVERY OTHER ALLEGATION OF THE COMPLAINT, NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.

## SECOND DEFENSE - CROSS CLAIMS AGAINST DEFENDANTS MARY JO RYAN AND DANIEL RYAN

36. As an additional defense and as cross claims against Defendants Mary Jo Ryan and Daniel Ryan, it is alleged, in the alternative, that if it should be determined that these answering defendants were guilty of any tortious conduct in any respect, as alleged, which is again denied, then Defendants Mary Jo Ryan and Daniel Ryan were also guilty of tortious conduct in that:

    a. Defendant Mary Jo Ryan was negligent in failing to properly maintain and control the keys allegedly entrusted to her by the Plaintiff's subrogees, Andrea and Rodney Pandolfo, in a safe manner and negligently allowed the keys to be taken by Defendant Daniel Ryan, without proper

supervision, and such negligence on the part of defendant Mary Jo Ryan allowed Defendant Daniel Ryan to enter the Pandolfo home which resulted in the alleged damages and injury to the plaintiff.

b. Defendant Daniel Ryan used the keys to the Pandolfo's home in such a negligent manner and allowed other individuals to enter the Pandolfo home, without the permission of the Pandolfos, and negligently failed to supervise or control the conduct of such individuals which resulted in the plaintiff's alleged injuries and damages.

c. That Defendants Mary Jo Ryan and Daniel Ryan were negligent in other ways as will be determined through the course of discovery and at the trial of this matter.

37. Such tortious conduct on the part of Defendants Mary Jo Ryan and Daniel Ryan was a direct and proximate cause of any injury or damage sustained by plaintiff and joined and concurred with the alleged, but denied, tortious conduct of these answering defendants in producing such injury or damage. Should it be determined that plaintiff is entitled to make any recovery of these answering defendants, which is again denied, then these defendants are entitled to joint tortfeasor contribution of and from Defendants Mary Jo Ryan and Daniel Ryan in the manner, and to the extent, set forth in Chapter 1B of the North Carolina General Statutes.

## THIRD DEFENSE - CROSS CLAIMS AGAINST DEFENDANTS DANIEL RYAN, MARY McCORMICK, MOLLIE McCORMICK or MOLLY McCORMICK, MELISSA McGANN, BENJAMIN WHITED or BEN WHITED, AMY WOJCIECHOWSKI, KELLY WEILAND, LINDSAY FORTUNE, BRENDAN BYRNES, CAITLIN LALLY, and JESSICA CURTIS or JESSIAC CURTIS

38. As an additional defense and as cross claims against Defendants Daniel Ryan, Mary McCormick, Mollie McCormick or Molly McCormick, Melissa McGann, Benjamin Whited or Ben Whited, Amy Wojciechowski, Kelly Weiland, Lindsay Fortune, Brendan Byrnes, Caitlin Lally and Jessica Curtis or Jessiac Curtis, it is alleged, in the alternative, that if it should be determined that these answering defendants were guilty of any tortious conduct in any respect, as alleged, which is again denied, then the above named defendants were also guilty of tortious conduct in that they each individually and collectively entered the home of the plaintiff's subrogees, Andrea and Rodney Pandolfo, without the permission of the Pandolfos, and willfully, wantonly and maliciously vandalized and caused severe damage to the home, and were guilty of other tortious conduct as will be determined through the course of discovery and at the trial of this matter;

39. Such tortious conduct on the part of any and all of the above named defendants, or either of them, was a direct and proximate cause of any alleged injury or damage sustained by plaintiff and joined and concurred with the alleged, but denied, tortious conduct of these answering defendants in producing such alleged injury or damage. Should it be determined that plaintiff is entitled to make any recovery of these answering defendants, which is again denied, then these defendants are entitled to joint tortfeasor contribution of and from the above named defendants, or either of them, to the extent, set forth in Chapter 1B of the North Carolina General Statutes.

P:\FILES\05104\ANSWER-FEDERAL.WPD -8-

Case 5:04-cv-00969-BO    Document 16    Filed 02/17/05    Page 8 of 12

## THIRD DEFENSE - CROSS CLAIMS AGAINST DEFENDANTS WILLIAM AND MARY JO RYAN, JAMES AND PAMELA McCORMICK, JAMES AND MARY ANNE McGANN, JAMES AND JANET WHITED, STANLEY AND EILEEN WOJCIECHOWSKI, THEODORE AND WANDA WEILAND, DAVID AND NEENA FORTUNE, THOMAS AND MAEVE BYRNES, EDWARD AND DIANE LALLY and SCOTT AND STEPHANIE WILSON

40. As an additional defense and as cross claims against Defendants William Ryan, Mary Jo Ryan, James McCormick, Pamela McCormick, James McGann, Mary Anne McGann, James Whited, Janet Whited, Stanley Wojiechowski, Eileen Wojciechowski, Theodore Weiland, Wanda Weiland, David Fortune, Neena Fortune, Thomas Byrnes, Maeve Byrnes, Edward Lally, Diane Lally, Scott Wilson and Stephanie Wilson, it is alleged, in the alternative, that if it should be determined that these answering defendants were guilty of any tortious conduct in any respect as alleged, which is again denied, then each and all of the above named defendants were also guilty of tortious conduct in that they each individually and collectively, as parents and/or legal guardians of the various individual defendants stated in the Third Defense - Cross Claims herein above, failed to use due care in failing to exercise reasonable control over their respective minor child's behavior while each of the parents and/or guardians had the ability and opportunity to control their respective minor child and knew or should have known of the necessity for exercising such control to avoid the alleged damage and injury to the plaintiffs.

41. Such tortious conduct on the part of above named defendants was a direct and proximate cause of any alleged injury or damage sustained by plaintiff and joined and concurred with the alleged, but denied, tortious conduct of these answering defendants in producing such alleged injury or damage. Should it be determined that plaintiff is entitled to make any recovery of these answering defendants, which is again denied, then these

defendants are entitled to joint tortfeasor contribution of and from the above named defendants, or either of them, to the extent, set forth in Chapter 1B of the North Carolina General Statutes

WHEREFORE, having fully answered the Complaint, and asserted Cross-claims, Defendants, Alvin White, Linda White and Brett White, pray unto the Court as follows:

1. That plaintiffs have and recover nothing of this answering defendant and that plaintiff's claims be dismissed;

2. That, should it be determined that plaintiff is entitled to make any recovery of these defendants, that these defendants have and recover joint tortfeasor contribution of and from the defendants cross-claimed against herein in the manner, and to the extent, provided by Chapter 1B of the North Carolina General Statues;

3. That these defendants have and recover the costs of court herein;

4. For a trial by jury of all issues of fact so triable herein; and

5. For such other and further relief as the Court may deem just and proper.

This the 14th day of February, 2005.

HALL, RODGERS, MILLIKAN & CROOM, PLLC

By: _____
JONATHAN E. HALL
N.C. State Bar No.: 19953
DWIGHT G. RODGERS, JR.
N.C. State Bar No.: 25599
*Attorneys for Defendants Mitchell Stokes, Jane Stokes and Kyle Stokes*
1225 Crescent Green, Suite 100
Cary, North Carolina 27511
(919) 852-1900
(919) 852-1972 (*facsimile*)

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing ANSWER OF DEFENDANTS ALVIN WHITE, LINDA WHITE AND BRETT WHITE in the above-entitled action on all parties to this cause by depositing the original and/or copy hereof, postage pre-paid, in the United States mail, addressed to the attorney(s) for said parties as follows:

Michael D. Moore
Teague, Campbell, Dennis & Gorham, L.L.P.
1621 Midtown Place
Raleigh, North Carolina 27609
*Attorney for Defendants William Ryan, Mary Jo Ryan, and Daniel Ryan*

Brady Yntema, Esquire
Pinto Coates Kyre & Brown, PLLC
P.O. Box 4848
Greensboro, NC 27404
*Attorneys for Plaintiff*

Jay P. Tobin
Young Moore & Henderson, PA
P.O. Box 31627
Raleigh, NC 27622
*Attorney for Defendants James L. McCormick, Pamela McCormick and Mollie McCormick*

Scott A. Scurfield
Yates, McLamb & Weyher, LLP
P.O. Box 2889
Raleigh, NC 27602
*Attorney for Defendant James M. McGann, Mary Anne McGann and Melissa McGann*

Stephen R. Paul
Edgar & Paul
P.O. Box 16099
Chapel Hill, NC 27516
*Attorney for Defendants James Whited, Janet Whited and Ben Whited*

Robert E. Smith
Smith Law Offices, PC
107 Fayetteville Street Mall. 5th Floor
P.O. box 1069
Raleigh, NC 27602
*Attorney for Defendants Stanley Wojciechowski, Eileen Wojciechowski, Amy Wojciechowski*

P:\FILES\05104\ANSWER-FEDERAL.WPD

Montaye Sigmon McGee
Smith Moore, LLP
300 North Greene Street
Suite 1400
Greensboro, NC 27401
*Attorney for Defendants Theodore
Weiland, Wanda Weiland and Kelly
Weiland*

William W. Pollock
Cranfill, Sumner & Hartzog, LLP
P.O. Box 27808
Raleigh, NC 27611-7808
*Attorney for Defendants David Fortune,
Neena Fortune and Lindsay Fortune*

Jeffrey H. Blackwell
Hedrick Eatman, et al.
1508 Military Cutoff Road
Suite 202
Wilmington, NC 28403
*Attorney for Defendant Thomas
Byrnes, Maeve Byrnes and
Brendan Byrnes*

Robert E. Smith
Smith Law Offices, PC
107 Fayetteville Street Mall. 5th Floor
P.O. box 1069
Raleigh, NC 27602
*Attorney for Defendant Diane Lally and
Caitlin Lally*

This the 14th day of February, 2005.

HALL, RODGERS, MILLIKAN & CROOM, PLLC

By: _____
JONATHAN E. HALL
N.C. State Bar No.: 19953
DWIGHT G. RODGERS, JR.
N.C. State Bar No.: 25599
*Attorneys for Defendants Mitchell Stokes,
Jane Stokes and Kyle Stokes*
1225 Crescent Green, Suite 100
Cary, North Carolina 27511
(919) 852-1900
(919) 852-1972 (*facsimile*)

P:\FILES\05104\ANSWER-FEDERAL.WPD                -12-

Case 5:04-cv-00969-BO   Document 16   Filed 02/17/05   Page 12 of 12